THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FREDERICK HEATHER and DAWN WASELL-HEATHER,

Plaintiff,

v.

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant.

CASE NO. C18-1179-JCC

ORDER

This matter comes before the Court on the parties' stipulated motion for protective order regarding Allstate's production of corporate documents (Dkt. No. 29). The Court ENTERS the following:

**1.  Purposes and Limitations**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. This agreement is consistent with Western District of Washington Local Civil Rule 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle

parties to file confidential information under seal.

**2.       Confidential Information**

"Confidential Information" as used in this order shall mean any document, correspondence, or material that was produced by Allstate that reflects proprietary information that is not public knowledge. These documents include but are not limited to: Allstate's Claims Manuals, Allstate's course and training materials, or Allstate's confidential and proprietary information that may be included within documents produced pursuant to Plaintiffs' discovery requests.

**3.       Filing Confidential Information with the Court**

Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**4.       Persons Bound by This Order**

The persons bound by this order are:

a.       All present parties to this proceeding; and

b.       The employees, agents, and attorneys of both parties, including experts and consultants.

**5.       Obligations of Persons Bound by This Protective Order.**

No person bound by this order shall disclose Confidential Information, either directly or indirectly, to any other person other than as provided in paragraph six below. The attorneys of

record for the parties to this proceeding shall make the terms of this order known to all other persons bound by this order and, together with their respective clients, are responsible to the Court for compliance with this order.

**6. Persons Who May Receive Confidential Information**

The only persons to whom Confidential Information may be disclosed are:

a. All present or future parties to this proceeding;

b. The attorneys of record for any parties to this proceeding, including the paralegals and stenographic and clerical employees associated with the attorneys;

c. Third-party experts, consultants, and investigators who have been specifically retained by the attorneys in this proceeding; however, prior to disclosure of any Confidential Information, such third parties shall agree to be bound by this order and read and sign the "Acknowledgement and Agreement to be Bound" (Exhibit A);

d. Any person upon the written agreement of the parties' attorneys, or upon order of the Court; and

e. The Court.

No Confidential Information may be disclosed, either directly or indirectly, except to the persons specified above in paragraphs 6(a) to 6(e).

**7. Amendments of Protective Order**

Any party may move for relief from or modification of this order, including the application of this order and/or the mechanism and need for maintaining confidentiality as provided in this order. This order may be amended by order of the Court or with leave of the Court by the written agreement of counsel for the parties to this order and any pertinent third-party in the form of a stipulation.

**8.     Duration of Protective Order**

This order is intended to regulate the handling of Confidential Information during the entirety of this proceeding and thereafter, and shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of all the parties to this proceeding and any pertinent third parties or by order of the Court except that, if at trial a party offers any Confidential Information as a trial exhibit, that exhibit and the information contained therein shall not be treated as confidential. Any information admitted into evidence by the Court shall cease to be treated as "confidential," as that term is used in this order. This order shall become effective as between the parties when executed and with the Court's entry of the same. Further, at any hearing before the Court in this proceeding and at any hearing or event other than trial at which any Confidential Information will be presented to the Court, any party may ask the Court, for such periods as the Confidential Information is being presented, to consider such information *in camera*, under seal, and under such other conditions and safeguards as the Court may impose to protect against disclosure. If any member of the public or a party objects to such conditions or safeguards, the Court will make an initial *in camera* determination as to whether Confidential Information is likely to be disclosed.

**9.     Continued Jurisdiction**

All persons subject to the terms of this order agree that the Court shall retain jurisdiction after this action has terminated for the purpose of enforcing this order.

**10.    Miscellaneous**

a.      The information protected by this order is the substance of the Confidential Information, no matter in what form the information is and no matter how the information might be communicated. The parties do not intend in any way to waive the assertion of confidentiality

and hereby expressly reserve their rights to assert and preserve the confidentiality of any information disclosed in this proceeding that is not designated as Confidential Information pursuant to this order.

    b.    Recipients of Confidential Information pursuant to this order shall exercise reasonable and appropriate care with regard to such Confidential Information to ensure that the confidential nature of the same is maintained.

    c.    In the event any person in receipt of Confidential Information shall receive a written or oral request, subpoena, or court order seeking disclosure of another party's Confidential Information, such person shall immediately upon receipt of such request, subpoena, or court order notify counsel for the designating party that produced the Confidential Information of the same and shall provide a copy of the same if applicable. Except in the case of an order requiring immediate production of the requested information, no party shall disclose another party's Confidential Information without giving the other party an opportunity to seek from the Court an order governing disclosure of the requested information. Nothing herein shall be construed to require any recipient of Confidential Information subject to this order to refuse to comply with a lawfully issued subpoena, with any order of any court, or with the command of any law enforcement agency.

    d.    If Confidential Information is disclosed to any person other than in the manner authorized by this order, the person responsible for the disclosure shall immediately bring all the pertinent facts relating to such disclosure to the attention of counsel for all parties and the Court, without prejudice to the rights and remedies of any party, and shall make every effort to prevent further disclosure by it or by the person who received such Confidential Information.

e. This order is made to facilitate discovery and the production of discoverable evidence in this action. The entry of this order, the designation of any information as Confidential Information under the order, the failure to make such designation, or the failure to object to such designation by any party shall not constitute evidence with respect to any issue in this proceeding. This order shall not abrogate or diminish any contractual, statutory, or other legal right or obligation any party may have with respect to information disclosed in this matter.

f. Recipients of Confidential Information shall return all the provided materials within 30 days of the conclusion of the proceeding. All copies of protected materials shall be destroyed. No party bound by this order will retain copies of any of the provided materials.

f. The parties reserve the right to seek an award of such other relief as is appropriate for such disclosure.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 30th day of August 2019

**COLE | WATHEN | LEID | HALL, P.C.**

*s/ Galen L. Ryan*
Rory W. Leid, III, WSBA #25075
Galen L. Ryan, WSBA #46737
*Attorneys for Defendant Allstate*
1505 Westlake Avenue North
Seattle, WA 98109
Tel: (206) 622-0494 | Fax: (206) 587-2476
rleid@cwlhlaw.com|
gryan@cwlhlaw.com

//

//

//

DATED this 28th day of August 2019

//

//

*s/Joseph W. Moore*
Joseph W. Moore
Moore Law Group
2722 Colby Avenue, Suite 607
Everett, WA 98201
T: 425-998-8999
Joseph@Moore.law
marie@moore.law

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Federal Rule of Evidence 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law..

DATED this 10th day of September 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under the penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ [date] in the case of *Heather v. Allstate*, USDC Cause No.: 2:18-cv-01179-JCC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Western District of Washington in and for the State of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____