THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK HEATHER and DAWN WASELL-HEATHER, <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C18-1179-JCC <br><br> ORDER |

This matter comes before the Court on Defendant's motion to confirm an appraisal award (Dkt. No. 22), Plaintiffs' motion to compel (Dkt. No. 24), and Defendant's motion for protective order (Dkt. No. 27). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary. The Court hereby GRANTS Defendant's motion to confirm the appraisal award (Dkt. No. 22), GRANTS Plaintiffs' motion to compel (Dkt. No. 24), and GRANTS Defendant's motion for protective order (Dkt. No. 27), for the reasons explained herein.

I. **BACKGROUND**

Plaintiffs had a homeowner's insurance policy with Defendant, which was in effect during the events at issue. (Dkt. No. 1-1 at 2.) On August 23, 2016, Plaintiffs' home and belongings were destroyed in a fire. (*Id.* at 2–3.) Plaintiffs retained a public adjuster to handle

interactions with Defendant. (Dkt. No. 22 at 2.) The public adjuster submitted an inventory of the loss on March 15, 2017. (Dkt. No. 32 at 2–3.) Plaintiffs submitted an executed proof of loss with the inventory. (Dkt. No. 25 at 11.) On May 16, 2017, Defendant provided Plaintiffs an actual cash value ("ACV") calculation of $151,998.90, approximately $60,000 less than Plaintiffs' proof of loss. (*See id.* at 11, 26–27.) Plaintiffs retained counsel, and on June 4, 2018, filed an Insurance Fair Conduct Act ("IFCA") notice. (*Id.* at 52.) Defendant continued adjusting Plaintiffs' claim. (*Id.* at 16–19.)

Plaintiffs' insurance policy provides for an appraisal process to resolve disagreements as to the amount of a loss. (*See* Dkt. No. 23-1 at 1.) On June 6, 2018, Plaintiffs requested an appraisal of the contents of their home destroyed in the fire. (Dkt. No. 22 at 2.) Plaintiffs selected Gary Williams as their appraiser. (*Id.* at 2.) Defendant selected Gary Halpin Jr. (*Id.*) The parties agreed upon retired Judge Michael Scott as the umpire. (*Id.*) In December 2018, the appraisal panel rendered a unanimous decision, finding that the replacement cost value ("RCV") for the contents of the home was $239,815.77, and the ACV was $191,862.15. (Dkt. No. 23-2 at 1.) On August 20, 2019, Defendant agreed to make an additional payment of $19,043.11. (Dkt. No. 25 at 72.)

## II. DISCUSSION

### A. Defendant's Motion to Confirm Appraisal Award

Washington courts enforce appraisal clauses in insurance policies "upon the grounds of sound public policy. They tend to fair dealing and to the prevention of litigation." *Keesling v. W. Fire Ins. Co. of Fort Scott, Kansas*, 520 P.2d 622, 626 (Wash. Ct. App. 1974). "[W]hen an appraisal clause in an insurance policy is invoked, the award is conclusive as to the amount of loss." *Bainter v. United Pac. Ins. Co.*, 748 P.2d 260, 262 (Wash. Ct. App. 1988). However, an appraisal award can be challenged if the insured alleges "bias, prejudice, or lack of disinterestedness on the part of either an appraiser or the umpire." *Id.*

Here, Plaintiffs requested an appraisal of their loss. (*See* Dkt. No. 22 at 2.) The appraisal

panel rendered a unanimous decision as to the amount of loss. (*See* Dkt. No. 23-2 at 1.) Defendant requests confirmation of the award. (Dkt. No. 22 at 1.) Plaintiffs do not disagree with the result of the appraisal or allege bias, prejudice, or lack of disinterestedness on the part of any member of the panel. (*See* Dkt. No. 32 at 6–7.) Thus, there is no dispute as to the amount of loss. Therefore, the Court CONFIRMS the appraisal award as conclusive as to the amount of Plaintiffs' loss of the contents of the home.[1]

### B.   Plaintiffs' Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This rule "protects trial preparation materials that reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews." *Heath v. F/V ZOLOTOI*, Case No. C01-1988-TSZ, Dkt. No. 142 at 7 (W.D. Wash. 2004). The work product privilege protects from disclosure documents "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3)(A); *Hickman v. Taylor*, 329 U.S. 495, 512 (1947). The party resisting discovery under the work product doctrine bears the burden of showing that the withheld information was prepared in anticipation of litigation. *Heath*, Case No. C01-1988-TSZ, Dkt. No. 142 at 7. To determine whether a dual-purpose document was prepared in anticipation of litigation, courts examine the totality of the circumstances surrounding the document to evaluate whether it was created "because of" the threat of litigation. *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004).

Documents prepared in the ordinary course of business are not protected by the work product doctrine because they would have been created regardless of litigation. *See* Fed. R. Civ. P. 26(b)(3) advisory committee's note to the 1970 Amendment. "[I]t is the very nature of an

---

[1] In its motion to confirm the appraisal award, Defendant summarily suggests "no further discovery, litigation, nor argument need be spent on the appraisal." (Dkt. No. 22 at 5.) The Court will consider only the discovery issues raised in parties' formal motions.

insurer's business to investigate and evaluate the merits of claims. Reports and documents produced for this purpose will likely be relevant to later litigation over a claim as well." *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 662 (S.D. Ind. 1991). This gives rise to a rebuttable presumption that "documents or things prepared before the final decision on an insured's claim are not work product." *Essex Builders Grp., Inc. v. Amerisure Ins. Co.,* 2006 WL 1733857, at 2 (M.D. Fla. 2006).

Defendant continued to adjust Plaintiffs' claim after the date of the IFCA notice. (*See* Dkt. No. 25 at 99–100.) Plaintiffs move for an order compelling Defendant to produce Plaintiff's complete claim file related to the insurance loss at issue in this lawsuit. (Dkt. No. 24 at 2.) Defendant asserts that the work product doctrine applies to all documents related to Plaintiffs' claim created after Plaintiffs filed their IFCA complaint. (Dkt. No. 30 at 7.) Defendant has not produced a privilege log for these documents, relying on its assertion that all such documents are protected. (*See* Dkt. No. 25 at 75–76.) Defendant contends that because these documents were "produced through the lens of litigation," the privilege applies. (Dkt. No. 30 at 8.) But that is not the standard. Because it is the "very nature" of Defendant's business to investigate and evaluate the merits of Plaintiffs' claims, some of the claim file documents likely are dual-purpose documents that certainly would have been created regardless of the litigation. *See Harper*, 138 F.R.D. at 662.

To the extent such documents reveal Defendant's determinations of Plaintiffs' loss and Defendant's decision how much to pay, some of these documents are also likely to be relevant to the present litigation. Furthermore, Plaintiffs' substantial need for such documents would likely outweigh Defendant's assertion of work product doctrine immunity. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii). Therefore, Plaintiffs' motion to compel (Dkt. No. 24) is GRANTED. Defendant is ORDERED to produce no later than November 8, 2019 a privilege log of the Plaintiffs' claim file documents created on or after June 11, 2018. The parties shall meet and confer to discuss any disputes over the privilege log no later than November 15, 2019.

### C. Defendant's Motion for Protective Order

When addressing the proportionality of discovery, a court must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Plaintiffs seek a Federal Rule of Civil Procedure 30(b)(6) deposition from Defendant on the topic of the financial incentives of adjusters handling first-party claims, including "audit measure, audit teams, and performance metrics for the time period in question." (Dkt. No. 28 at 6.) Defendant requests a protective order excluding Plaintiffs' Rule 30(b)(6) topic as irrelevant, unduly burdensome, and duplicative. (*See* Dkt. No. 27 at 2.) Plaintiffs have already deposed Alisha Jensen, the adjuster who handled Plaintiffs' case. (*See* Dkt. No. 28 at 13–16.) Plaintiffs questioned Jensen about her financial incentives related to adjustment of Plaintiffs' claim. (*Id.*) A Rule 30(b)(6) deposition on essentially the same topic would be duplicative and burdensome. *See* Fed. R. Civ. P. 26(c)(1). Therefore, Defendant's motion for protective order is GRANTED.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to confirm the appraisal award for the contents of Plaintiffs' home (Dkt. No. 22) is GRANTED. Plaintiffs' motion to compel (Dkt. No. 24) is GRANTED. Defendant is ORDERED to produce no later than November 8, 2019 a privilege log of the Plaintiffs' claim file documents created on or after June 11, 2018. The parties shall meet and confer to discuss any disputes over the revised privilege log no later than November 15, 2019. Defendant's motion for protective order (Dkt. No. 27) is GRANTED, and Plaintiffs' proposed Rule 30(b)(6) topic is EXCLUDED.

//

DATED this 23rd day of October 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE