THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FREDERICK HEATHER and DAWN WASELL-HEATHER, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. C18-1179-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for reconsideration (Dkt. No. 53) of the Court's order granting in part and denying in part Plaintiffs' motion for partial summary judgment (Dkt. No. 39) and granting Defendant's motion for clarification (Dkt. No. 49). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

Motions for reconsideration are disfavored. The Court will ordinarily deny such motions "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h)(1). "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting

*U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

Defendant argues that the Court made errors and unsupported factual findings in its order. First, Defendant argues that the Court erred when it granted summary judgment on Plaintiffs' claim that Defendant breached the insurance policy when it failed to timely pay the appraisal award. (*See* Dkt. No. 54. at 2–3.) But Defendant failed to dispute its liability for breach of contract. It only clearly challenged Plaintiffs' bad faith and CPA claims. (*See generally* Dkt. No. 41.) With reasonable diligence, Defendant could have fully addressed Plaintiffs' motion. *See* Local Rule 7(h)(1).

Second, Defendant challenges the Court's findings as to whether Defendant failed to provide a reasonable explanation for its partial denial of coverage for Plaintiffs' contents claim and whether Defendant unreasonably delayed paying the dwelling benefits award. (*See* Dkt. No. 54. at 4–6.) However, Defendant's motion repeats facts and arguments previously before the Court and fails to identify a manifest error in the order.[1] *See* Local Rule 7(h)(1).

Third, Defendant argues that the Court's order requiring Defendant to produce a privilege log of Plaintiffs' claim file through August 20, 2019 was arbitrary. (*See* Dkt. No. 54. at 6–7.) For the reasons already stated in the Court's two prior orders on this issue, the Court disagrees; this is precisely the date range likely to reveal relevant discovery. (*See* Dkt. Nos. 46 at 3, 53 at 10)

Thus, Defendant neither demonstrates that the Court committed manifest error nor provides new facts or legal authority that would alter the Court's ruling. *See* Local Rule 7(h)(1). For the foregoing reasons, Defendant's motion for reconsideration (Dkt. No. 54) is DENIED.

//

//

---

[1] Defendant points out that the complaint includes allegations regarding coverage only of the *contents* of the home, not the *dwelling* benefits. (*See* Dkt. No. 54 at 5.) If Defendant had exercised diligence, it could have argued this to the Court earlier. Because the Court reserved the issues of causation and damages on this claim, there has not been a conclusive finding as to liability. (*See* Dkt. No. 54 at 10.) Plaintiffs would need to amend their complaint to prevail on this claim.

1    DATED this 18th day of February 2020.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C18-1179-JCC
PAGE - 3